# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN THOMAS,<br><br>        Plaintiff,<br>v.<br><br>JAMES YATES, ET AL.,<br><br>        Defendants. | Case No. 1:07-CV-1368 DCB<br><br><br><br><br><br>**ORDER** |

On November 25, 2008, this case was reassigned to this Court, with the following case management schedule in place: discovery cut-off date 2/25/2009 and dispositive motion deadline 4/27/2009. On April 22, 2009, the Defendant filed a Motion to Modify the Scheduling Order to extend the dispositive motion deadline by 30 days. The Court granted the motion and reset the deadline for filing dispositive motions to May 27, 2009.

On May 14, 2009, the Plaintiff filed an Opposition to the Modification; a Motion for a Trial Date; a Petition for Writ of Habeas Corpus Ad Testificandum to appear at trial, and a Pre-Trial Statement. Plaintiff objects to any delay caused by the need to prepare and present dispositive motions as a dilatory tactic.

A trilogy of cases in 1986, *Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 577 (1986), *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986), and *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-325 (1986), ushered in a "new era" of summary judgment motions for the federal courts. *See Rand v. Rowland*, 154 F.3d 952, 956-957 (9th Cir. 1998) ("It took nearly fifty years for the Supreme Court to pave the way toward mainstream acceptance of the summary judgment procedure with its trilogy of summary judgment cases in the mid-1980s.") In their aggregate, they opened the door for the district courts to rely on

summary judgment to weed out frivolous lawsuits and avoid wasteful trials. *Id.* at 956-957; 10A Charles A Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure*, § 2727, at 468 (1998). As explained in *Celotex*: "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "If evidence is merely colorable ... or is not significantly probative, summary judgment may be granted." *Eisenberg v. Insurance Co. of North Am.*, 815 F.2d 1285, 1288 (9th Cir. 1987).

Therefore, motions for summary judgment should be viewed "not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure just, speedy and inexpensive determination of every action.'" *Celotex*, 477 U.S. at 327 (citations omitted). In the interest of judicial economy, the Court granted the 30-day extension of time for Defendants to file a dispositive motion by May 27, 2009.

Upon Defendants filing the Motion for Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure:

## NOTICE--WARNING TO PLAINTIFF
## THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT[1]

The Defendants' Motion for Summary Judgment shall seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result

---

[1] The Ninth Circuit Court of Appeals requires the Court to provide *pro se* prisoners with notice of the requirements for a motion for summary judgment. *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (*en banc*).

of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e),[2] that contradict the facts shown in the Defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. <u>If summary judgment is granted, your case will be dismissed and there will be no trial.</u>

Additionally, you must comply with the provisions of Rule 78-230 of the Local Rules of Civil Procedure for the United States District Court for the Eastern District of California, which provide for the parties to file a motion, response, and reply. No additional briefing on a motion is allowed unless leave of the Court is granted. <u>Failure to file a response may be deemed a consent to the Court's granting the motion.</u> <u>If that occurs, the Motion for Summary Judgment may be granted and there will be no trial.</u>

The Court shall require the response to the Motion for Summary Judgment be filed within 45 days from the service date on the motion and the time for a reply is 20 days. Unless otherwise permitted by the Court, a motion or response, inclusive of supporting memorandum but exclusive of attachments and statement of facts, shall not exceed 17 pages; a reply shall not exceed 11 pages.

**Accordingly,**

**IT IS ORDERED** that Plaintiff's Motion for Trial Date (document 21) is DENIED.

**IT IS FURTHER ORDERED** that the Petition for Writ (document 22) is DENIED.

---

[2]To be admissible, declarations and other sworn testimony must be based on personal knowledge.

3

**IT IS FURTHER ORDERED** that the Plaintiff's Pretrial Statement is STRICKEN.

DATED this 27th day of May, 2009.

David C. Bury
United States District Judge

4