IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jonathan Thomas,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Warden James Yates, et al.,<br><br>　　　　Defendants. | CV 07-1368-TUC-DCB<br><br>**ORDER** |

The Court grants summary judgment for Defendants and enters Judgment accordingly.

Plaintiff, a state prisoner confined at Pleasant Valley State Prison (PVSP) in California, filed his Complaint in state court, and Defendants removed it to federal court on September 13, 2007. Plaintiff alleges Defendants were deliberately indifferent to his medical care in contravention of the Eighth Amendment to the United States Constitution because they permitted him to be housed at PVSP, where he was exposed to valley fever, and refused to transfer him to a "non-endemic" prison facility.

On June 13, 2008, Defendants filed an Answer. After discovery was completed, the Defendants filed a Motion for Summary Judgment on May 27, 2009, which included notice to the Plaintiff regarding his obligations to respond pursuant to Fed. R. Civ. P.56, Local Rule 78-230(m), *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988). The Court provided further, detailed, explanations regarding

1  Plaintiff's rights and obligations to oppose a motion for summary judgment. *See* (Second
2  Informational Order, filed October 5, 2007.)

3  Defendants seek summary judgment on the merits and also because Plaintiff's case
4  is procedurally barred by Plaintiff's failure to administratively exhaust the claims he pursues
5  here. The Court grants summary judgment for Defendants because Plaintiff failed to
6  administratively exhaust his claim. The Court does not reach the merits of the case.

7  Defendants provide an administrative record which reflects the Plaintiff submitted five
8  inmate appeals regarding medical issues related to valley fever from September 2006, to July
9  2007. These appeals were either partially granted at the informal level, denied at the
10 informal level, or screened out as being duplicative or excessive. All were returned to him.
11 He did not submit any of these appeals for the next level of review, which would have been
12 the first level of formal review. (Motion for Summary Judgment (MSJ), SOF, Ex. D: Duran
13 Decl. at 2.) A review of the administrative record reflects that the Plaintiff did not ever
14 submit any appeal regarding valley fever to the Director for third-level final administrative
15 review. *Id.* at E: Grannis Decl. at 2.

16 Plaintiff responds that the administrative record provided by the Defendants confirms
17 he properly filed administrative appeals. He argues there are special circumstances which
18 justify any failure to comply with administrative procedural requirements. He asserts that
19 the granting of his appeals at the lower level of the grievance system, satisfies the exhaustion
20 requirements. *Clement v. California Department of Corrections*, 220 F. Supp. 2d 1098,1106
21 (Calif. 2002). The case relied on by Plaintiff involved a claim by an inmate, who alleged
22 deliberate indifference by prison officials in delaying, denying, and interfering with his
23 medical treatment. His inmate appeals secured him the treatment he sought, leaving only his
24 claim of delay. Consequently, his inmate appeal, granted at the lower level, had exhausted
25 his claim because he had received all the relief the prison could afford him. *Id.*

26 This is not the case, here. The Plaintiff's claim is that he was not transferred to a
27 different facility. He provides the Court with an informal appeal he filed on June 12, 2007,
28 which is as follows: "I request that the Medical Staff confirm that I have Valley Fever and

have been prescribed medication for the treatment of the said disease and the type of medication that I am taking with the Valley Fever medication, and grant transfer." (Response: Inmate Appeal Form.) He was told that he was currently being prescribed Diflucan and Vitamin C for treatment of Valley Fever and his medication prescriptions would expire on 10/15/07. He was not granted a transfer. Plaintiff fails to present any evidence to dispute the administrative record provided by the Defendants, which unequivocally establishes that he did not pursue his request for a transfer by appeal to the Director.

This final step was necessary to exhaust his administrative remedies. The California prison system provides prisoners the right to administratively appeal any departmental decision, action, condition or policy perceived by those individuals that adversely affects their welfare. Cal. Code Regs. § 15-3084.1(a) (2007). After the initial informal level, there are three formal levels of review, culminating in a Director's level decision. *Id.* at § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (1997). A final decision at the Director's level satisfies the exhaustion requirement under 1997e(a). *Barry,* 985 F. Supp. at 1237-38.

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit with respect to prison conditions under § 1983 unless all available administrative remedies have been exhausted. 42 U.S.C. § 1997e(a); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006); *Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005). Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). A prisoner must complete the administrative review process in accordance with the applicable rules. *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Under *Woodford*, there must be proper exhaustion, which means following the steps set out in the grievance procedure. *Id.*

Exhaustion is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Defendants bear the burden of raising and proving the absence of exhaustion. *Wyatt v. Terhune*, 315 F.3d 1118, 1119 (9th Cir. 2003).

The Court finds that the Defendants have met their burden to show the availability of a grievance process and that Plaintiff failed to exhaust his remedies. The Plaintiff has not persuasively rebutted Defendants' evidence that he failed to properly exhaust his administrative remedies. To the extent that the Plaintiff's informal appeals were granted, they were not related to his request for a transfer. He clearly did not pursue any informal appeal related to his request for a transfer to the next level or to the Director.

**Accordingly,**

**IT IS ORDERED** that the Motion for Summary Judgment (document 25) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

DATED this 1st day of September, 2009.

David C. Bury
United States District Judge